**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Pammie Lynn Krupar**
   Debtor(s)

Bankruptcy Case No.: 19–23389–JAD
Issued Per Oct. 7, 2019 Proceeding
Chapter: 13
Docket No.: 31 – 14
Concil. Conf.: March 12, 2020 at 10:30 AM

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.)  PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated August 28, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. ***A final plan conciliation conference will be held on Mar. 12, 2020 at 10:30 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.*** If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☑ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PA Department of Revenue at Claim No. 1; 21st Mortgage Corp at Claim No. 4 .

☑ H.    Additional Terms: The Debtor shall appropriately pursue the claim dispute as to Claim No. 6 of Citibank, N.A. and PHFA.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty–eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty–eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021–1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*    ***IT IS FURTHER ORDERED THAT:***

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

<u>Jeffery A. Deller</u>
Dated: October 16, 2019                              United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                          Case No. 19-23389-JAD
Pammie Lynn Krupar                                                              Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel              Page 1 of 2          Date Rcvd: Oct 16, 2019
                             Form ID: 149             Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 18, 2019.
db          +Pammie Lynn Krupar,   357 Valley Street,   Mc Donald, PA 15057-1009
cr          +21st Mortgage Corporation,   c/o Thomas A. Capehart, Esquire,   Gross McGinley LLP,
             33 South 7th Street,   Allentown, PA 18101-2418
cr          +Fay Servicing, LLC,   c/o McCalla Raymer Leibert Pierce, LLC,   Bankruptcy Department,
             1544 Old Alabama Road,   Roswell, GA 30076-2102
15112760     21st Mortgage Corporation,   C/O Gross McGinley, LLP,   Attn: Thomas A. Capehart, Esq.,
             33 S. 7th Street, P.O. Box 4060,   Allentown, PA 18105-4060
15112765    +Citibank, N.A., as Trustee for CMLTI,   Asset Trust,   388 Greenwich Street,   14th Floor,
             New York, NY 10013-2362
15131750     Citibank, N.A., as trustee for CMLTI Asset Trust,   P.O. Box 814609,   Dallas, TX 75381-4609
15112767     Drivetime Carsales Company, LLC,   D/B/A Drivetime McKnight,   7211 McKnight Road,
             Pittsburgh, PA 15237-3509
15112768    +Dwight Hoover,   347 Valley Street,   Mc Donald, PA 15057-1002
15112769    +Fay Servicing,   P.O. Box 809441,   Chicago, IL 60680-9441
15112770    +Jason Krupar,   357 Valley Street,   Mc Donald, PA 15057-1009
15112773    +Receivable Management Services, LLC,   Attn: Bankruptcy,   240 Emery Street,
             Bethlehem, PA 18015-1980
15112775    +Santander Consumer USA,   Attn: Bankruptcy,   10-64-38-FD7,   601 Penn Street,
             Reading, PA 19601-3544
15123859    +Santander Consumer USA Inc.,   P.O. Box 560284,   Dallas, TX 75356-0284
15112777    +Waste Management,   1001 Fannin Street,   Houston, TX 77002-6717

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
15112761     E-mail/Text: ebn@21stmortgage.com Oct 17 2019 03:56:01     21st Mortgage Corporation,
             620 Market Street,   Suite 100,   Knoxville, TN 37902
15112759     E-mail/Text: ebn@21stmortgage.com Oct 17 2019 03:56:01     21st Mortgage Corporation,
             Attn: Customer Inquiries,   620 Market Street,   Knoxville, TN 37902
15125700     E-mail/Text: ebn@21stmortgage.com Oct 17 2019 03:56:01     21st Mortgage Corporation,
             P.O. Box 477,   Knoxville, TN 37901
15112762    +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Oct 17 2019 03:56:37     Bridgecrest,
             P.O. Box 53087,   Phoenix, AZ 85072-3087
15112763    +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Oct 17 2019 03:56:37     Bridgecrest,
             7300 East Hampton Avenue,   Mesa, AZ 85209-3324
15112764    +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Oct 17 2019 03:56:37     Bridgecrest,
             Customer Care,   7300 E. Hampton Avenue,   Suite 101,   Mesa, AZ 85209-3324
15112766     E-mail/Text: documentfiling@lciinc.com Oct 17 2019 03:53:46     Comcast,
             Attn: Legal Department,   1701 John F. Kennedy Blvd.,   Philadelphia, PA 19103-2899
15123982     E-mail/PDF: resurgentbknotifications@resurgent.com Oct 17 2019 03:58:13     LVNV Funding, LLC,
             Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
15127402    +E-mail/PDF: cbp@onemainfinancial.com Oct 17 2019 03:58:29     OneMain,   PO Box 3251,
             Evansville, IN 47731-3251
15112771    +E-mail/PDF: cbp@onemainfinancial.com Oct 17 2019 03:58:26     OneMain Financial,
             Attn: Bankruptcy,   601 NW 2nd Street #300,   Evansville, IN 47708-1013
15117257     E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 17 2019 03:55:34
             Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
             Harrisburg, PA  17128-0946
15112772    +E-mail/Text: blegal@phfa.org Oct 17 2019 03:56:03     Pennsylvania Housing Finance Agency,
             211 North Front Street,   Harrisburg, PA 17101-1406
15112774     E-mail/PDF: RACBANKRUPTCY@BHANDT.COM Oct 17 2019 03:58:09     Regional Acceptance Corporation,
             P.O. Box 580075,   Charlotte, NC 28258-0075
15112776    +E-mail/Text: bankruptcy@sw-credit.com Oct 17 2019 03:56:01     Southwest Credit Systems,
             4120 International Parkway,   Suite 1100,   Carrollton, TX 75007-1958
                                                                                   TOTAL: 14

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Citibank, N.A., as trustee for CMLTI Asset Trust

                                                                           TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2019                           Signature:   /s/Joseph Speetjens

District/off: 0315-2          User: jhel               Page 2 of 2               Date Rcvd: Oct 16, 2019
                             Form ID: 149              Total Noticed: 28

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 16, 2019 at the address(es) listed below:
        Daniel J. Boger    on behalf of Debtor Pammie Lynn Krupar dnlboger@yahoo.com,
  dboger@shepleylaw.com;mjury@shepleylaw.com;bk@shepleylaw.com
        James  Warmbrodt   on behalf of Creditor   Citibank, N.A., as trustee for CMLTI Asset Trust
  bkgroup@kmllawgroup.com
        Jeffrey Wayne Ross    on behalf of Debtor Pammie Lynn Krupar jross@shepleylaw.com,
  jeffreywross@hotmail.com;bk@shepleylaw.com;ldeist@shepleylaw.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
        Thomas A. Capehart    on behalf of Creditor    21st Mortgage Corporation jkacsur@grossmcginley.com,
  ehutchinson@grossmcginley.com
                                                                                    TOTAL: 6