IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>PAMMIE LYNN KRUPAR,<br><br>    **Debtor(s),**<br><br>PAMMIE LYNN KRUPAR,<br><br>    **Movant(s),**<br><br>    v.<br><br>21ST MORTGAGE CORPORATION,<br>BRIDGECREST,<br>BRIDGECREST CREDIT COMPANY, LLC<br>CITIBANK, N.A. AS TRUSTEE FOR CMLTI ASSET TRUST,<br>CITIBANK, N.A.,<br>COMCAST,<br>DRIVETIME CARSALES COMPANY, LLC,<br>DWIGHT HOOVER,<br>FAY SERVICING,<br>FAY SERVICING, LLC,<br>JASON KRUPAR,<br>KML LAW GROUP, P.C.,<br>LVNV FUNDING, LLC,<br>ONEMAIN FINANCIAL,<br>ONEMAIN FINANCIAL GROUP, LLC,<br>PENNSYLVANIA DEPARTMENT OF REVENUE,<br>PENNSYLVANIA HOUSING FINANCE AGENCY,<br>PENNSYLVANIA HOUSING FINANCE AGENCY HOMEOWNERS EMERGENCY MORTGAGE ASSISTANCE PROGRAM,<br>PHFA-HEMAP,<br>RECEIVABLE MANAGEMENT SERVICES, LLC,<br>REGIONAL ACCEPTANCE CORPORATION,<br>SANTANDER CONSUMER USA,<br>SANTANDER CONSUMER USA INC.,<br>SOUTHWEST CREDIT SYSTEMS,<br>VERISON BY AMERICAN INFOSOURCE AS AGENT,<br>WASTE MANAGEMENT,<br>OFFICE OF THE UNITED STATES TRUSTEE,<br>RONDA J. WINNECOUR, ESQ.,<br>    **Respondents.** | Case No. 19-23389-JAD<br><br>Chapter 13<br><br>Doc. No.<br><br>Related to Doc. No.<br><br>Responses Due: 10/30/2024<br>Hearing Date & Time:<br>November 14, 2024, at 9:00 A.M.<br>at Ch 13 Zoom Location |

**NOTICE OF PROPOSED MODIFICATION TO PLAN DATED AUGUST 3, 2020**

1. Pursuant to 11 U.S.C. § 1329, the Debtor(s) has filed an Amended Chapter 13 Plan dated October 8, 2024, which is annexed hereto at Exhibit "A" (the "Amended Chapter 13 Plan"). A summary of the modification is set forth below in paragraphs 4 through 6 of this Notice.

2. All Objections to the Amended Chapter 13 Plan must be filed and served by no later than 21 days after the date of this Notice upon the Debtor(s), Chapter 13 Trustee and any creditor whose claim allowance or treatment is the subject of the Objection. Untimely Objections will not be considered. Any creditor who files a timely Objection to the Amended Chapter 13 Plan must appear at the scheduled Initial Confirmation Hearing on the Amended Chapter 13 Plan.

3. A virtual (via Zoom) Initial Confirmation Hearing on the Amended Chapter 13 Plan will be held on November 14, 2024, at 9:00 A.M., before the Chapter 13 Trustee. The table and meeting I.D., to participate by Zoom (and telephone number and meeting I.D. to participate by telephone if you lack the ability to participate by Zoom), can be found at http://www.ch13pitt.com/calendar/ several days before the meeting. Parties are expected to familiarize themselves with the Trustee's website at http://www.ch13pitt.com/ and to comply with the procedures set forth at that site for conference participation.

4. Pursuant to the Amended Chapter 13 Plan, the Debtor(s) seeks to modify the Plan in the following particulars:

The debtor proposes a monthly payment to 21st Mortgage Corporation, which filed Claim 4, at the monthly rate of $1,236.16 per month and pursuant to a Notice of Mortgage Payment Change that became effective August 1, 2024, and continuing forward during the Plan term. This change addresses a mortgage payment change moving forward. Additionally, the arrears set forth in this Claim will be paid in full.

The debtor has maintained the treatment of Claim 6, filed by Citibank, N.A., as trustee for CMLTI Asset Trust, as an unsecured creditor and pursuant to the Order entered in Adversary Case No. 19-02191-JAD. Claim 6 will be treated as an unsecured debt and share in the pool of funds that may become available to the general, unsecured creditors.

The debtor has maintained the treatment of Claim 10, filed by Pennsylvania Housing Finance Agency-Homeowners Emergency Mortgage Assistance Program (PHFA/HEMAP), as an unsecured creditor and pursuant to the Stipulated Order of Consent entered in Adversary Case No. 19-02192-JAD. Claim 10 will be treated as an unsecured debt and share in the pool of funds that may become available to the general, unsecured creditors.

The debtor maintained the treatment of Claim 7, filed by Bridgecrest Credit Company, LLC, allowing the claim amount to govern and paid at the modified interest rate of 6.75% and $494.93 per month.

The debtor maintained the provision for unpaid personal income tax owed Pennsylvania Department of Revenue, which filed Claim 1, with a total claim amount of $37.52.

The debtor has also amended her statement regarding the liquidation alternative test, removing the requirement to pay $3,015. The erroneous statement remained in the prior Plan. However, upon review of the exemptions available to the debtor and the value of her assets there is no issue presented by the liquidation alternative test.

5. The proposed modification to the Plan will impact the treatment of the claims of the following creditors, and in the following particulars:

Claim 4, filed by 21st Mortgage Corporation, will be paid at the monthly rate of $1,236.16 per month pursuant to a Notice of Mortgage Payment Change that became effective August 1, 2024, and continuing forward during the Plan term. This change addresses a mortgage payment change moving forward. Additionally, the arrears set forth in this Claim will be paid in full.

Claim 7, filed by Bridgecrest Credit Company, LLC, will govern as to the claim amount and will be paid at the modified interest rate of 6.75% and $494.93 per month to be paid in full during the Plan term.

Claim 1, filed by Pennsylvania Department of Revenue, with a total claim amount of $37.52 will be paid in full during the Plan term.

Claim 2, filed by Santander Consumer USA, Inc., an unsecured creditor, will share in the pool of funds, if any, that may become available to the general, unsecured creditors.

Claim 3, filed by LVNV Funding, LLC, was withdrawn and it will receive no payment.

Claim 5, filed by OneMain Financial Group, LLC, an unsecured creditor, will share in the pool of funds, if any, that may become available to the general, unsecured creditors.

Claim 6, filed by Citibank, N.A., as trustee for CMLTI Asset Trust, is an unsecured creditor pursuant to the Order entered in Adversary Case No. 19-02191-JAD. This creditor will share in the pool of funds, if any, that may become available to the general, unsecured creditors.

Claim 8, filed by Verizon by American InfoSource as agent, an unsecured creditor, will share in the pool of funds, if any, that may become available to the general, unsecured creditors.

Claim 9, filed by Verizon by American InfoSource as agent, an unsecured creditor, will share in the pool of funds, if any, that may become available to the general, unsecured creditors.

Claim 10, filed by Pennsylvania Housing Finance Agency-Homeowners Emergency Mortgage Assistance Program (PHFA/HEMAP), is an unsecured creditor pursuant to the Stipulated Order of Consent entered in Adversary Case No. 19-02192-JAD. This creditor will share in the pool of funds, if any, that may become available to the general, unsecured creditors.

6. Debtor(s) submits that the reason(s) for the modification is (are) as follows:

Debtor made an adjustment to reflect the current monthly mortgage payment pursuant to the Notice of Mortgage Payment Change, which became effective August 1, 2024. The debtor also corrected the erroneous requirement to pay $3,015.00 pursuant to the liquidation alternative test. Upon review of the debtor's assets and available exemptions, no requirement was necessary to satisfy the liquidation alternative test.

7. The Debtor(s) submits that the requested modification is being proposed in good faith, and not for any means prohibited by applicable law. The Debtor(s) further submits that the proposed modification complies with 11 U.S.C. §§ 1322(a), 1322(b), 1325(a) and 1329 and, except as set forth above, there are no other modifications sought by way of the Amended Chapter 13 Plan.

WHEREFORE, the Debtor(s) respectfully requests that the Court enter an Order confirming the Amended Chapter 13 Plan, and for such other relief the Court deems equitable and just.

RESPECTFULLY SUBMITTED, this 9th day of October, 2024.

/s/ Daniel J. Boger, Esq.
Daniel J. Boger, Esq.
PA Bar ID No. 92961
Harold Shepley & Associates, LLC
209 West Patriot Street
Somerset, PA 15501
Phone: (814) 444-0500
Fax: (814) 444-0600
E-mail: dboger@shepleylaw.com
Attorney for the Debtor(s)

EXHIBIT A

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Pammie Lynn Krupar** | |
| | First Name  Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name  Middle Name | Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: | **19-23389-JAD** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

Western District of Pennsylvania
## Chapter 13 Plan Dated: October 8, 2024

---

**Part 1:    Notices**

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. **Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

**Part 2:    Plan Payments and Length of Plan**

2.1    Debtor(s) will make regular payments to the trustee:

Total amount of **$1,653.00** per month for a remaining plan term of **60** months shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ 1,653.00 | $ | $ |
| D#2 | $ | $ | $ |

(Income attachments must be used by Debtors having attachable income)    (SSA direct deposit recipients only)

**2.2 Additional payments.**

☐    **Unpaid Filing Fees.** The balance of $_____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first

| Debtor | **Pammie Lynn Krupar** | Case number | **19-23389** |
|---|---|---|---|

available funds.

Check one.

☑ **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

**Part 3:  Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. If monthly payment changes exist, state the amounts and effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| **21st Mortgage Corporation** **9451** | **357 Valley Street Mc Donald, PA 15057 Washington County Deed Book 2024 Page 400; Deed Instrument Number 200221831 Parcel Number 550-020-05-01-0019-00** | **$1,236.16** | **$15,227.46** | **08/01/2024** |

Insert additional claims as needed.

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

☐ Fully paid at contract terms with no modification

| Name of creditor and redacted account number | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **-NONE-** | | | | |

☐ Fully paid at contract terms with no modification

| Name of creditor and redacted account number | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **-NONE-** | | | | |

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed Amount of secured claim. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's

| Debtor | **Pammie Lynn Krupar** | Case number | **19-23389** |
|---|---|---|---|

secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through a motion pursuant to Rule 3012).

| Name of creditor and redacted account number | Estimated amount of creditor's total claim (see Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| **Fay Servicing 7858** | $9,233.97 | 357 Valley Street Mc Donald, PA 15057 Washington County Deed Book 2024 Page 400; Deed Instrument Number 200221831 Parcel Number 550-020-05-01-0019-00 | $40,000.00 | $51,640.61 | $0.00 | 0.00% | $0.00 |
| **Pennsylvania Housing Finance Agency 0981** | $5,859.33 | 357 Valley Street Mc Donald, PA 15057 Washington County Deed Book 2024 Page 400; Deed Instrument Number 200221831 Parcel Number 550-020-05-01-0019-00 | $40,000.00 | $60,874.58 | $0.00 | 0.00% | $0.00 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐ **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of Creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|

| Debtor | **Pammie Lynn Krupar** | Case number | **19-23389** |
|---|---|---|---|

| Name of Creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **Bridgecrest 3201** | **2012 Jeep Liberty Sport 84,650 miles 4-Door, 4x4, good condition. Value based upon NADA estimate. Location: 357 Valley Street, Mc Donald PA 15057** | **$18,458.89** | **6.75%** | **$494.93** |

Insert additional claims as needed.

**3.4    Lien avoidance.**

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5    Surrender of collateral.**

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6    Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Insert additional claims as needed.

\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

**4.3    Attorney's fees.**

Attorney's fees are payable to  **Harold Shepley & Associates, LLC**  . In addition to a retainer of $**1,490.00** (of which $__**0.00**__ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**2,510.00** is to be paid at the rate of $**200.00** per month. Including any retainer paid, a total of $__**0.00**__ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $__**0.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

| Debtor | Pammie Lynn Krupar | Case number | 19-23389 |
|---|---|---|---|

**4.4** **Priority claims not treated elsewhere in Part 4.**

☑ **None**. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

Insert additional claims as needed

**4.5** **Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

☑ **None**. If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.

**4.6** **Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.

☑ **None**. If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7** **Priority unsecured tax claims paid in full.**

☐ **None**. If "None" is checked, the rest of Section 4.7 need not be completed or reproduced.

| Name of Taxing Authority | Tax Amount Claim | Type of Tax | Interest Rate | Tax Periods |
|---|---|---|---|---|
| Pennsylvania Department of Revenue 3263 | $37.52 | Personal Income Tax | 6.0% | 2018 |

**4.8** **Postpetition utility monthly payments.**

The provisions of this Section 4.8 are available only if the utility provider has agreed to this treatment. The charges for post petition utility service are allowed as an administrative claim. These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan unless amended. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. Any unpaid post petition utility claims will survive discharge and the utility may require additional funds from
the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly payment | Postpetition account number |
|---|---|---|
| -NONE- | | |

Insert additional claims as needed.

### Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of $**0.00** will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $**0.00** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **0.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑ **None**. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

| Debtor | **Pammie Lynn Krupar** | Case number | **19-23389** |
|---|---|---|---|

**5.3**  **Other separately classified nonpriority unsecured claims.**

Check one.

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1**  **Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

### Part 8: General Principles Applicable to All Chapter 13 Plans

**8.1**  This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2**  Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3**  The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4**  Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**  Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

**8.6**  As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

| Debtor | **Pammie Lynn Krupar** | Case number | **19-23389** |
|---|---|---|---|

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

| Part 9: | **Nonstandard Plan Provisions** |
|---|---|

**9.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

| Part 10: | **Signatures:** |
|---|---|

**10.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s),order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

X  /s/ Pammie Lynn Krupar
**Pammie Lynn Krupar**
Signature of Debtor 1

X
Signature of Debtor 2

Executed on  **October  8, 2024**

Executed on

X  /s/ Daniel J. Boger, Esq.
**Daniel J. Boger, Esq.  PA 92961**
Signature of debtor(s)' attorney

Date  **October  8, 2024**